## THE STATE OF LOUISIANA *v.* GEORGE EOCHART.

The change in the name of the court merely, does not change its powers, or the modes of proceeding prescribed by law. Therefore, where the jurisdiction of the criminal court over the limits of the present Third District, was transferred to the Third District Court of the State, with it were necessarily transferred the modes of prosecution prescribed by law for the criminal court.

APPEAL from the court of the Third Judicial District, *J. Calvitt Clarke*, J. *Johnson*, Attorney General, for the State. *Walker & De France* for the accused. By the court:

PRESTON, J. The prisoner has been prosecuted by an information filed against him in the Third District Court of the State, for larceny, and receiving stolen goods, knowing them to be stolen. He was convicted of the last mentioned offence, and sentenced to one year's imprisonment at hard labor in the penitentiary. His counsel contends that the district attorney had no power to prosecute him for that offence by information.

Previous to the adoption of the present Constitution, the Third District was embraced within the jurisdiction of the Criminal Court of the First District of the State. And it was provided by an act, approved the 8th of March, 1841, " That in all criminal prosecutions in the Criminal Court of the First District, for crimes and offences punishable by not more than two years' hard labor, the proceedings may be by information," p. 59.

Under the Constitution of the State, the jurisdiction of the Criminal Court over the limits of the present Third District, was transferred to the Third District Court of the State, and with it, necessarily, the modes of prosecution prescribed by law for the criminal court. This was expressly decided by this court, in the case of *The State* v. *McClane*, 4th Ann. 435.

The change in the name of the court merely, does not change its powers, or the modes of proceeding prescribed by law.

The judgment of the district court is affirmed, with costs.